# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

COREY MILLEDGE,
  PLAINTIFF,

V.                                    CASE NO: 4:15cv577-WS/CAS

JULIE JONES, SCOTT MIDDLEBROOKS,
GAAY ENGLISH, KATHERLEEN JOSEPH,
  DEFENDANT(S).

## CIVIL RIGHTS COMPLAINT FORM

1. PLAINTIFF COREY MILLEDGE SUES DEFENDANTS AND ALLEGES:

2. THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. SECTION 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHT SECURED BY THE CONSTITUTION OF THE UNITED STATES. THIS COURT HAS JURISDICTION UNDER 28 U.S.C. 1331 AND 1343. PLAINTIFF MILLEDGE SEEKS DECLARATORY RELIEF PURSUANT TO 28 U.S.C. 2201 AND 2202.

3. VENUE AND JURISDICTION ARE PROPER IN THIS COURT BECAUSE OF THE WRONGFUL ACT COMPLAINED OCCURRED IN THE NORTHERN DISTRICT OF FLORIDA.

## PARTIES

4. PLAINTIFF COREY MILLEDGE IS AN INMATE IN CUSTODY OF THE FLORIDA DEPARTMENT OF CORRECTIONS CURRENTLY AT SANTA ROSA CORRECTIONAL INSTITUTION, MAILING ADDRESS: 5850 E. MILTON ROAD, MILTON, FLORIDA 32583.

5. At all times material hereto, Defendant **JULIE JONES** is Secretary of the Florida Department of Corrections, charged with care and custody of all Florida Department of Corrections prisoners. She is **SUED** in her **INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY** as Secretary of the Florida Department of Corrections. Mailing address: 501 S. Calhoun Street, Tallahassee, Florida 32399-2500.

6. At all times material hereto, Defendant **SCOTT MIDDLEBROOKS** is Warden of Blackwater Correctional Facility, charged with care and custody of prisoners. He is **SUED** in his **INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY** as Warden at Blackwater Correctional Facility. Mailing address: 5914 Jeff Ates Road, Milton, Florida 32583.

7. At all times material hereto, Defendant **GRAY ENGLISH** is Assistant Warden of Blackwater Correctional Facility, charged with care and custody of prisoners. He is **SUED** in his **INDIVIDUAL CAPACITY AND OFFICIAL CAPACITY** as Assistant Warden at Blackwater Correctional Facility. Mailing address: 5914 Jeff Ates Road, Milton, Florida 32583.

8. At all times material hereto, Defendant **KATHERLEEN JOSEPH** is an officer at Blackwater Correctional Facility, charged with care of prisoners. She is **SUED** in her **INDIVIDUAL CAPACITY**. Mailing address: 5914 Jeff Ates Road, Milton, Florida 32583.

9. Each Defendant acted under the color of state law.

## PREVIOUS LAWSUIT AND PENDING CASES

10. Plaintiff Milledge has previously filed a lawsuit in the United States District Court, Middle District of Florida, Jacksonville Division. In that case, a settlement was reached. SEE, this Court's Case No: 3:07-CV-976-J-34MCR.

11. Plaintiff Milledge has a pending lawsuit in the United States District Court, Middle District of Florida, Jacksonville Division. SEE, this Court's Case No: 3:14-CV-248-J-32MCR.

12. Plaintiff Milledge has previously filed three petition for writ habeas corpus in this Court. Two of Plaintiff's petition for writ of habeas corpus are still pending. SEE, this Court's Case No: 4:12-CV-0055-MP-CAS, 4:13-CV-00406-MW-CAS, 4:14-CV-00295-MW-GRJ.

13. Plaintiff Milledge never had a petition for writ of habeas corpus and never had a lawsuit dismissed for frivolous or malicious or for failure to state a claim.

## EXHAUSTION OF LEGAL REMEDIES

14. Plaintiff Milledge used the prison grievance system that was available at Blackwater Correctional Facility to exhaust his administrative remedies prior to filing this lawsuit. In fact, Plaintiff filed a grievance with the Warden's and Secretary of the Florida Department of Corrections. Plaintiff's grievances was either "approved" or "denied."

# FACTS

15. Plaintiff Corey Milledge is an inmate in custody of the Florida Department of Corrections who is serving a fifteen (15) year prison sentence for the charges of: felony battery, battery on specified employee, battery on inmate, battery on a law enforcement, and possession of contraband.

16. At all times relevant to the incident herein, Plaintiff Corey Milledge was twenty-eight (28) years old, with a height of 5'7", and weighing 160 pounds.

17. On March 31, 2015, Plaintiff Corey Milledge was an inmate at the Blackwater River Correctional Facility (hereinafter "Blackwater Correctional Facility") Inmate Waltley attacked Milledge with a razor blade, cutting him across his cheek. As a result, Milledge was seriously injured.

18. At the time of the incident in question, Blackwater Correctional Facility had a custom or policy of allowing inmates to inflict serious injuries on each other. This custom or policy was enforced by Defendants Jones, Middlebrooks, and English. Defendant Corrections Officer Katherleen Joseph acquiesced in the custom or policy. Nevertheless, Defendants Jones, Middlebrooks, and English failed to take disciplinary actions against Officer Joseph after they were aware that Officer Joseph watched

INMATE WAITLEY PHYSICALLY ABUSED MILLEDGE.

19. PRIOR TO THE ATTACK ON MILLEDGE, BLACKWATER CORRECTIONAL FACILITY HAD AT LEAST **ONE** OR MORE INCIDENTS WHERE AN INMATE USED A RAZOR BLADE TO CUT ANOTHER INMATE. DEFENDANTS MIDDLEBROOKS AND ENGLISH WERE AWARE OF THAT AND THEY FAILED TO TAKE ADEQUATE MEASURE TO PREVENT IT FROM REOCCURRING. IF DEFENDANTS MIDDLEBROOKS AND ENGLISH DID TAKE REASONABLE MEASURE, THE MEASURE THAT WAS TAKEN WERE **INEFFECTIVE** AND CAUSED MILLEDGE SUFFERED FROM HARM AND INJURY.

20. DEFENDANTS JONES, MIDDLEBROOKS, AND ENGLISH **KNEW** THAT, BASED ON THE CUSTOM OR POLICY THAT WAS MAINTAINED AT BLACKWATER CORRECTIONAL FACILITY THAT THE CORRECTIONS OFFICERS AND INMATES WAS GOING TO ACT UNLAWFULLY AND THEY FAILED TO STOP THEM FROM DOING SO. MOREOVER, DEFENDANTS MIDDLEBROOKS AND ENGLISH DELIBERATE FAILURE TO TAKE ADEQUATE MEASURE TO PREVENT INMATES FROM USING A RAZOR BLADE TO CUT OTHER INMATES POSED A RISK OF SERIOUS HARM TO ALL INMATES, INCLUDING MILLEDGE WHO WERE HOUSED AT BLACKWATER CORRECTIONAL FACILITY AT THE **TIME**.

21. BEFORE THE INCIDENT IN QUESTION, DEFENDANTS MIDDLEBROOKS AND ENGLISH COULD HAVE TAKEN **REASONABLE MEASURE** BY REQUIRING ALL RAZORS BE REMOVED FROM INMATES POSSESSION AND HAVE

INMATES SHAVE WITH THE HAIR CLIPPERS OR COULD HAVE TAKEN **REASONABLE MEASURE** BY REQUIRING AN OFFICER TO BE PRESENCE WHEN INMATES USING A RAZOR BLADE AND HAVE THE OFFICERS TAKE RAZOR FROM INMATES AFTER INMATES USED IT OR COULD HAVE TAKEN **REASONABLE MEASURE** BY ISSUING ELECTRIC SHAVING RAZOR TO ALL INMATES AND HAVE THE RAZOR BLADES REMOVED FROM INMATES POSSESSION WHICH WAS USED AS WEAPONS. FOR SOME ODD REASON, DEFENDANTS MIDDLEBROOKS AND ENGLISH DID NOT PURSUE THESE **REASONABLE MEASURES** COULD HAVE **REDUCED** THE RISK OF SERIOUS HARM FACING INMATES LIKE MILLEDGE. IF DEFENDANTS MIDDLEBROOKS AND ENGLISH WOULD HAVE TAKEN THESE **REASONABLE MEASURES** ABOVE, IT IS LIKELY THAT MILLEDGE WOULD NOT HAVE BEEN CUT WITH A RAZOR BLADE.

22. **DEFENDANTS MIDDLEBROOKS AND ENGLISH WERE AWARE THAT EXCESSIVE RISK OF INMATE ON INMATE VIOLENCE EXISTED** AT THE BLACKWATER CORRECTIONAL FACILITY WHICH OCCURRED BEFORE OR AFTER THE **MARCH 31, 2015** INCIDENT HEREIN.

23. ON THE ABOVE DATE, PLAINTIFF COREY MILLEDGE WAS HOUSED IN A-DORMORITY. MILLEDGE SHARED A CELL WITH INMATE WAITLEY. WHILE MILLEDGE WAS STANDING BY HIS CELL DOOR, INMATE WAITLEY ATTACKED MILLEDGE WITH A RAZOR BLADE, CUTTING HIM ACROSS HIS CHEEK AREA. OFFICER JOSEPH WAS IN THE CONTROL ROOM AT THE TIME, WATCHING AND ALSO WATCHING THE CAMERAS MONITOR AND DID NOT INTERVENE IN OBEDIENCE OF THE CUSTOM OR POLICY AT BLACKWATER

CORRECTIONAL FACILITY OF ALLOWING INMATES TO INFLICT SERIOUS INJURIES ON EACH OTHER.

24. AFTER BEING CUT, MILLEDGE RANNED DOWNSTAIRS TO THE DAYROOM AREA. INMATE WAITLEY RANNED AFTER MILLEDGE TRYING TO CUT HIM AGAIN. MILLEDGE THREW FOOD TRAYS AT INMATE WAITLEY SO HE WOULD NOT GET CLOSE TO HIM. IN RETURN, INMATE WAITLEY REPEATEDLY THREW FOOD TRAYS STRIKING AND HITTING MILLEDGE IN THE BODY AREA. THIS LASTED FOR AT LEAST (4) OR (5) MINUTES. OFFICER JOSEPH CONTINUED TO WATCH AND DID NOT INTERVENE WHEN SHE HAD AN OPPORTUNITY TO DO SO. FURTHERMORE, OFFICER JOSEPH COULD HAVE INTERVENED BY GETTING ON HER RADIO AND REQUESTING ASSISTANCE FROM OTHER OFFICERS. NEVERTHELESS, THE ENTIRE INCIDENT INVOLVING COREY MILLEDGE WERE CAPTURED ON SURVEILLANCE CAMERA'S AT BLACKWATER CORRECTIONAL FACILITY. MILLEDGE REQUESTED THE SURVEILLANCE CAMERA'S TO BE WITHHELD FOR FURTHER EVIDENCE.

25. THE OFFICERS SHORTY THEREAFTER, ESCORTED MILLEDGE TO THE PRISON MEDICAL CLINIC. A NURSE AND DOCTOR SAW MILLEDGE FOR A PHYSICAL. MILLEDGE WAS THEN TAKEN TO Y-DORMORITY AND PLACED IN HIS ASSIGNED CELL.

26. AS A RESULT OF THE ATTACK, PLAINTIFF SUFFERED INJURIES TO HIS BACK AND CHEEK CAUSING PAIN. PLAINTIFF ALSO HAD LACERATION ACROSS HIS CHEEK THAT REQUIRED STITCHES.

27. Defendant Julie Jones is Secretary of the Florida Department of Corrections and Defendant Scott Middlebrooks is Warden and Defendant Gray English is Assistant Warden of Blackwater Correctional Facility who are responsible for: setting the Department of Corrections policies or rules; supervising inmates and officers; protecting inmates; disciplining officers and inmates; setting orders; and enforcing all policies and rules and orders at Blackwater Correctional Facility.

28. On April 2, 2015, May 3, 2015, Plaintiff Milledge addressed a grievance to Defendant Jones and on April 8, 2015 to Defendant Middlebrooks and on April 5, 2015 to Defendant English requesting that the razors be taken away. Assistant Warden English forwarded Plaintiff's grievance to Captine Lawson for response. Plaintiff placed Defendant's Jones, Middlebrooks, and English on notice and after such notice Defendants Jones, Middlebrooks, and English were aware of inmate Waitley irrational behavior which caused Plaintiff suffered injury to his cheek that required stitches. Defendants Jones, Middlebrooks, and English were also aware that Officer Joseph watched inmate Waitley physically abused Plaintiff for at least (4) or (5) minutes and did not intervene or seek assistance when she had an opportunity to do so.

29. Defendants Middlebrooks and English were aware of the custom or policy of allowing inmates to inflict serious injuries on each other, a custom or policy that they condoned or acquiesced in and continued in effect when they became warden of Blackwater Correctional Facility. Thus, Defendant's Middlebrooks and English failed to discipline officers who watched inmates physically abused other inmates. Likewise and for same reasons apply to Defendant Jones who is Secretary of the Florida Department of Corrections. Defendant Jones were also aware of the custom or policy above.

30. Defendants Middlebrooks and English had the authority to take reasonable measure or could have requested certain measure be taken at Blackwater Correctional Facility.

31. After the incident in question, Defendants Jones, Middlebrooks, and English did not take any corrective steps to prevent inmates from using a razor blade to cut other inmates. Because of this, Blackwater Correctional Facility had at least one or more incidents where an inmate were cut with a razor blade after Milledge were cut. Defendants Middlebrooks and English due to their positions at the Blackwater Correctional Facility were aware of that. Despite this, Defendants Jones, Middlebrooks, and English did nothing to protect inmates at Blackwater Correctional Facility even though they

knew that inmates would continue to inflict serious injuries on each other by using a razor blade absent supervisor actions. Defendants Jones, Middlebrooks, and English lacked of supervising and monitoring inmates and officers at Blackwater Correctional Facility caused Milledge injuries as well.

32. Defendant Jones oversee all the prisons including Blackwater Correctional Facility who could have required all razors be removed from inmates possession and have the inmates shave with the hair clippers or could have required an officer to be presence when inmates using a razor and have the officer take razor from inmates after inmates used it or could have issued electric shaving razor to all inmates and have the razor blades removed from inmates possession which was used as weapons. Defendant Jones did not pursue these reasonable measures after she were aware that inmate Waitley cut Milledge with a razor blade. If Defendant Jones would have pursued these reasonable measures set forth above, another inmate at the Blackwater Correctional Facility would not have been cut with a razor blade after Milledge were cut. Instead of fixing the problem, Defendant Jones acquiesced in the custom or policy at Blackwater Correctional Facility of allowing inmates to inflict serious injuries on each other.

33. Since March 31, 2015, Plaintiff Milledge has suffered severe emotional distress and also suffers from terrifying "flashbacks" and "nightmares" from the physical abuse Inmate Waitley subjected him to.

34. Every corrections officer including Defendants who work at Blackwater Correctional Facility had a duty to protect an inmate like the Plaintiff and they refused to do so as well.

35. The custom or policy that was maintained at Blackwater Correctional Facility were unconstitutional and caused Plaintiff injuries and pain and suffering and emotional distress and also caused Plaintiff to be deprived of his rights under the Eighth Amendment to the U.S. Constitution.

## CLAIMS

### Count I: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANT JOSEPH

36. Plaintiff realleges the facts as if fully set forth herein.

37. Defendant Joseph in failing to protect or failing to intervene in the physical abuse of Plaintiff after Joseph were aware of facts gave rise to an inference of risk of serious harm and drew that inference as well

11

were in violation of the Eighth Amendment to the U.S. Constitution, prohibiting cruel and unusual punishment.

38. Defendant Joseph is a corrections officer at Blackwater Correctional Facility who had a duty to protect an inmate like the plaintiff.

39. Defendant Joseph watched inmate Waitley physically abused plaintiff for at least (4) or (5) minutes and did not intervene when she had an opportunity to do so.

40. As a result of the wrongful acts alleged above, plaintiff suffered bodily injuries causing pain and suffering, and emotional distress.

## COUNT II: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANTS MIDDLEBROOKS AND ENGLISH

41. Plaintiff realleges the facts as if fully set forth herein.

42. Defendants Middlebrooks and English deliberate indifference to the substantial risk of serious harm plaintiff faced at the time of the assault were in violation of the Eighth Amendment to the U.S. Constitution, prohibiting cruel and unusual punishment.

43. Defendant Middlebrooks is warden and defendant English is assistant warden of

BLACKWATER CORRECTIONAL FACILITY WHO ARE RESPONSIBLE FOR: SETTING THE DEPARTMENT OF CORRECTIONS POLICIES OR RULES; SUPERVISING INMATES AND OFFICERS; PROTECTING INMATES; DISCIPLING OFFICERS AND INMATES; SETTING ORDERS; AND ENFORCING ALL POLICIES AND RULES AND ORDERS AT BLACKWATER CORRECTIONAL FACILITY.

44. THE COMPLAINED OF BEHAVIOR OF INMATE WAITLEY OCCURRED IN THE FLORIDA DEPARTMENT OF CORRECTIONS AT BLACKWATER CORRECTIONAL FACILITY UNDER DEFENDANTS MIDDLEBROOKS AND ENGLISH SUPERVISION.

45. PRIOR TO THE ATTACK ON MILLEDGE, BLACKWATER CORRECTIONAL FACILITY HAD AT LEAST ONE OR MORE INCIDENTS WHERE AN INMATE USED A RAZOR BLADE TO CUT ANOTHER INMATE. DEFENDANTS MIDDLEBROOKS AND ENGLISH WERE AWARE OF THAT AND THEY FAILED TO TAKE ADEQUATE MEASURE TO PREVENT IT FROM REOCCURRING.

46. DEFENDANTS MIDDLEBROOKS AND ENGLISH WERE AWARE THAT EXCESSIVE RISK OF INMATE ON INMATE VIOLENCE EXISTED AT THE BLACKWATER CORRECTIONAL FACILITY WHICH OCCURRED BEFORE OR AFTER THE MARCH 31, 2015 INCIDENT HEREIN.

47. DEFENDANTS MIDDLEBROOKS AND ENGLISH DID NOTHING TO PROTECT INMATES AT BLACKWATER CORRECTIONAL FACILITY EVEN THOUGH THEY KNEW THAT INMATES WOULD CONTINUE TO INFLICT SERIOUS INJURIES ON EACH OTHER BY USING A RAZOR BLADE ABSENT SUPERVISOR ACTION.

48. The above facts support an inference that Defendants Middlebrooks and English knew that Plaintiff faced a risk of serious harm and were deliberately indifferent to the risk of harm in failing to protect Plaintiff from harm caused by inmates. Defendants Middlebrooks and English in failing to protect Plaintiff from harm caused by inmates enabled inmate Waitley to physically abuse Plaintiff.

49. As a result of the wrongful acts alleged above, Plaintiff suffered bodily injuries causing pain and suffering and emotional distress.

## COUNT III: VIOLATION OF CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. 1983 AGAINST DEFENDANTS JONES, MIDDLEBROOKS, AND ENGLISH

50. Plaintiff realleges the facts as if fully set forth herein.

51. Defendants Jones, Middlebrooks, and English deliberate indifference to the substantial risk of serious harm Plaintiff faced were in violation of the Eighth Amendment to the U.S. Constitution, prohibiting cruel and unusual punishment.

52. Defendant Jones is Secretary of the Florida Department of Corrections and Defendant

MIDDLEBROOKS IS WARDEN AND DEFENDANT ENGLISH IS ASSISTANT WARDEN OF BLACKWATER CORRECTIONAL FACILITY **WHO ARE RESPONSIBLE** FOR: SETTING THE DEPARTMENT OF CORRECTIONS POLICIES OR RULES; SUPERVISING INMATES AND OFFICERS; PROTECTING INMATES; DISCIPLING OFFICERS AND INMATES; SETTING ORDERS; AND ENFORCING ALL POLICIES AND RULES AND ORDER AT BLACKWATER CORRECTIONAL FACILITY.

53. THE COMPLAINED OF BEHAVIOR OF INMATE WAITLEY AND OFFICER JOSEPH OCCURRED IN THE FLORIDA DEPARTMENT OF CORRECTIONS AT BLACKWATER CORRECTIONAL FACILITY UNDER DEFENDANTS JONES, MIDDLEBROOKS, AND ENGLISH **SUPERVISION**.

54. AT THE TIME OF THE INCIDENT IN QUESTION, BLACKWATER CORRECTIONAL FACILITY HAD A CUSTOM OR POLICY OF **ALLOWING INMATES TO INFLICT SERIOUS INJURIES ON EACH** OTHER. THIS CUSTOM OR POLICY WAS ENFORCED BY DEFENDANTS JONES, MIDDLEBROOKS, AND ENGLISH.

55. AFTER THE INCIDENT IN QUESTION, DEFENDANTS JONES, MIDDLEBROOKS, AND ENGLISH **FAILED** TO TAKE DISCIPLINARY ACTIONS AGAINST OFFICER JOSEPH AFTER THEY WERE AWARE THAT OFFICER JOSEPH WATCHED INMATE WAITLEY PHYSICALLY ABUSED PLAINTIFF FOR AT LEAST (4) OR (5) MINUTES AND DID NOT INTERVENE OR SEEK ASSISTANCE WHEN SHE HAD AN OPPORTUNITY TO DO SO.

56. The above facts support an inference that Defendants Jones, Middlebrooks, and English knew beforehand that Plaintiff faced a risk of serious harm and were deliberately indifferent to the risk of harm in failing to adequately supervise inmates and officers. Defendants Jones, Middlebrooks, and English in failing to adequately supervise inmates and officers enabled Officer Joseph who watched Inmate **Waitley** physically abused Plaintiff.

57. As a result of the wrongful acts alleged above, Plaintiff suffered bodily injuries causing pain and suffering and emotional distress.

## Prayer for Relief

Wherefore, the Plaintiff seeks judgment as follows:

A. Declaration that the acts and omissions of Defendants herein violate Plaintiff rights under the Constitution and laws of the United States;

B. Compensatory damages against each of the Defendants herein;

C. Punitive damages against Defendants sued individually;

D. PRE-JUDGMENT INTEREST ON ALL ECONOMIC LOSSES AND POST-JUDGMENT INTEREST;

E. A TRIAL BY JURY ON ALL ISSUES SO TRIABLE;

F. ANY ADDITIONAL RELIEF THIS COURT DEEM JUST, PROPER, AND EQUITABLE.

RESPECTFULLY SUBMITTED,

_____
COREY MILLEDGE DC# Q12023
SANTA ROSA CORRECTIONAL INSTITUTION
5850 E. MILTON ROAD
MILTON, FL 32583

## VERIFICATION

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED BASED ON INFORMATION AND BELIEF, AND, AS TO THOSE, I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON THIS 22r DAY OF NOVEMBER, 2015.

_____
COREY MILLEDGE DC# Q12023


PROVIDED TO
SANTA ROSA CI ON
NOV 2 7 2015
FOR MAILING



COREY MILLEDGE DC# 0/2023
SANTA ROSA CORRECTIONAL INSTIT
5850 E. MILTON R
MILTON, FL 32583

CLERK OF COURT
111 N. ADAM STREET, SUITE 322
TALLAHASSEE, FL 32301-7717

MAILED FROM
A STATE CORRECTIONAL
INSTITUTION

ATTENTION POSTAL CARRIER
PACKAGE EXCEEDS 13 OZ.
INSPECTED BY SANTA ROSA C.I.
STAFF